| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>AMANDA BRAMBLE, *as Administrator of the Estate of Garlette Howard*, DIBON TOONE, TRACY CARR, GARLENE HOWARD, QUEEN HOWARD, TERRY LYNCH, and MERCEDES' FUNERAL MANSION AND CREMATION SERVICES, LLC,<br><br>Defendants. | Civ. No. 4:19-cv-54 |

**SECOND AMENDED COMPLAINT IN INTERPLEADER**

Plaintiff Metropolitan Life Insurance Company ("MetLife"), pursuant to Rules 15 and 22 of the Federal Rules of Civil Procedure and with leave of Court, files its Second Amended Complaint in Interpleader, as follows:

**PARTIES**

1.  Interpleader Plaintiff MetLife is a corporation organized under the laws of the State of New York, with its principal place of business in New York, New York. MetLife is duly licensed to do business in the State of North Carolina.

2.  Defendant Amanda Bramble ("Administrator") has been appointed to be the Administrator of the Estate of Garlette Howard ("Decedent"). In her capacity as Administrator, Administrator is deemed to be a citizen of North Carolina because Decedent was a citizen of the State of North Carolina and a resident of Greenville, North Carolina, when she died.

3. Upon information and belief, Defendant Dibon Toone is the surviving spouse of Decedent, the surviving father of A.S.T. and M.J.T., and the alleged slayer of Decedent, B.N.C., A.S.T., and M.J.T. Defendant Dibon Toone is a deemed to be a citizen of North Carolina because, upon information and belief, he was a citizen of the State of North Carolina and resident of Greenville, North Carolina, before his present period of incarceration.

4. Upon information and belief, Defendant Tracy Carr is B.N.C.'s surviving father, and is a citizen of the State of Virginia and a resident of Portsmouth, Virginia.

5. Upon information and belief, Defendant Garlene Howard is one of Decedent's three surviving siblings, and is a citizen of the State of North Carolina and a resident of Williamston, North Carolina.

6. Upon information and belief, Defendant Queen Howard is one of Decedent's three surviving siblings, and is a citizen of the State of North Carolina and a resident of Williamston, North Carolina.

7. Upon information and belief, Defendant Terry Lynch is one of Decedent's three surviving siblings, and is a citizen of the State of North Carolina and a resident of Robersonville, North Carolina.

8. Mercedes' Funeral Mansion and Cremation Services, LLC (the "Funeral Home") is a limited liability company organized under the laws of the State of North Carolina, with its principal place of business in Williamston, North Carolina.

## JURISDICTION AND VENUE

9. This is an Interpleader action brought pursuant to Rule 22 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1335.

10. The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1335 because the life insurance proceeds at issue have a value of more than $500 and two or more adverse claimants are citizens of different states.

11. The Court also has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 exclusive of interest and costs, and there is complete diversity between MetLife, on one hand, and the defendants, on the other.

12. The Court also has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the action arises under the laws of the United States, specifically the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001, *et seq.*

13. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), 29 U.S.C. § 1132(e)(2), and 28 U.S.C. § 1397 because one or more defendants reside in this district and are subject to the Court's personal jurisdiction.

## CAUSE OF ACTION IN INTERPLEADER

14. Decedent was an employee of Laboratory Corporation of America Holdings ("LabCorp") and had Basic Life Insurance, Supplemental Life Insurance, Dependent Life Insurance, and Voluntary Accidental Death and Dismemberment Insurance coverage under LabCorp's group life insurance plan (the "Plan"), an ERISA-regulated employee welfare benefit plan sponsored by LabCorp and funded by a group life insurance policy issued by MetLife. A true and correct copy of the applicable certificate of insurance is attached as Exhibit A.

15. MetLife, as claim fiduciary, must administer claims in accordance with ERISA and the documents and instruments governing the Plan.

16. ERISA defines a beneficiary as "[a] person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8).

17. With regard to insurance benefits payable upon Decedent's death, the Plan states the following regarding the designation of, and payment to, a beneficiary:

> You [*i.e.*, Decedent] may designate a Beneficiary in Your application or enrollment form. You may change Your Beneficiary at any time. To do so, You must send a Signed and dated, Written request to the Policyholder using a form satisfactory to Us [*i.e.*, MetLife]. Your Written request to change the Beneficiary must be sent to the Policyholder within 30 days of the date You Sign such request.
>
> You do not need the Beneficiary's consent to make a change. When We receive the change, it will take effect as of the date You Signed it. The change will not apply to any payment made in good faith by Us before the change request was recorded.
>
> If two or more Beneficiaries are designated and their shares are not specified, they will share the insurance equally.
>
> If there is no Beneficiary designated or no surviving Beneficiary at Your death, We may determine the Beneficiary according to the following order:
>
> 1) Your Spouse or Domestic Partner, if alive;
>
> 2) Your child(ren), if there is no surviving Spouse or Domestic Partner; or
>
> 3) Your estate, if there is no surviving sibling.

*See* Ex. A at 72.

18. With regard to insurance benefits payable upon the death of Decedent's children, the Plan states the following regarding the designation of, and payment to, a beneficiary:

> For Your Life Insurance for Your Dependents, We [*i.e.*, MetLife] will pay You [*i.e.*, Decedent] as the Beneficiary if alive. If you are not alive, We may determine the Beneficiary according to the following order:
>
> 1) Your Spouse or Domestic Partner, if alive;

4

2) Your child(ren), if there is no surviving Spouse or Domestic Partner; or

3) Your estate, if there is no surviving sibling.

*See* Ex. A at 73.

19. The Plan further provides that, "[i]f You and any Dependent die within a 24 hour period, We will pay the Dependent's Life Insurance to the Beneficiary receiving payment of your Life Insurance or We may pay Your estate." *See id.*

20. Upon information and belief, if no beneficiary or alternate beneficiary is eligible to receive the insurance proceeds, they must be distributed to the estate of Decedent.

21. Decedent completed a beneficiary designation stating that benefits related to her death should be distributed in the following manner:

- 40% to her spouse, Dibon Toone;
- 20% to her daughter, B.N.C.;
- 20% to her daughter, A.S.T.;
- 20% to her daughter, M.J.T.

22. Decedent, B.N.C., A.S.T., and M.J.T. were discovered dead in their home on August 16, 2016. True and correct copies of their death certificates are attached as Exhibit B.

23. Upon information and belief, B.N.C., A.S.T., and M.J.T. all died within 24 hours of Decedent's death.

24. Defendant Dibon Toone was subsequently arrested and charged with the willful and unlawful killing of Decedent, B.N.C., A.S.T., and M.J.T. However, as of the date of this Complaint in Interpleader, Defendant Toone has not been convicted, has not entered a plea of guilty or nolo contendere, and has not been found liable in a civil action for the willful and

unlawful killing of Decedent, B.N.C., A.S.T., or M.J.T. Accordingly, Defendant Dibon Toone is not presently a slayer within the meaning of N.C. Gen. Stat. § 31A-3(3).

25. If Defendant Dibon Toone enters a guilty or nolo contendere plea, is convicted, or is found liable in a civil action for the willful and unlawful killing of Decedent, B.N.C., A.S.T., or M.J.T., the North Carolina slayer statute may apply. Pursuant to that statute:

> Insurance … proceeds payable to the slayer … shall be paid to the person or persons who would have been entitled thereto as if the slayer had predeceased the decedent. If no alternate beneficiary is named, insurance and annuity proceeds shall be paid into the estate of the decedent."

N.C. Gen. Stat. § 31A-11.

26. Even if the North Carolina slayer statute does not apply, Defendant Dibon Toone may be prohibited from receiving the insurance proceeds under similar provisions of North Carolina common law.

27. At the time of her death, Decedent was an active employee of LabCorp earning a basic annual income of $22,515.38. Decedent elected Option 4 (a multiplier of 4) for her Supplemental Life Insurance benefit and Option 2 (a benefit of $25,000) for her Life Insurance for Dependents benefit.

28. At the time of her death, Decedent was enrolled under the Plan for coverage in the total amount of $186,000 ("Decedent's Benefits"), including specifically:

- Basic Life Benefit: $46,000
- Accidental Death Benefit: $46,000
- Supplemental Life Benefit: $92,000
- Child Education Default Benefit: $1,000
- Child Care Center Default Benefit: $1,000

6

29. At the time of their death, B.N.C., A.S.T., and M.J.T. were enrolled under the Plan for coverage in the total amount of $88,800 ("Dependents' Benefits"), including specifically:

- Dependent Life Benefit for B.N.C.: $25,000
- Accidental Death Benefit for B.N.C.: $4,600
- Dependent Life Benefit for A.S.T.: $25,000
- Accidental Death Benefit for A.S.T: $4,600
- Dependent Life Benefit for M.J.T.: $25,000
- Accidental Death Benefit for M.J.T.: $4,600

30. In addition to these benefits, if Defendant Dibon Toone is permitted to receive benefits under the Plan, the Plan may also provide Spouse Education Benefits in an amount equal to tuition charges incurred by Defendant Dibon Toone for up to four consecutive academic years (limited to an annual maximum of $5,000), if Defendant Dibon Toone was enrolled as a full-time student in an accredited school at the time of Decedent's death or 12 months thereafter. *See* Ex. A at 67.

31. Upon information and belief, Defendant Dibon Toone was not enrolled as a full-time student in an accredited school at the time of Decedent's death or 12 months thereafter.

32. On August 18, 2016, PeopleCare Advocacy Center filed claims related to the Decedent's Benefits and the Dependents' Benefits with MetLife on behalf of the designated beneficiaries, Defendant Dibon Toone, B.N.C., A.S.T., and M.J.T.

33. On September 9, 2016, Defendant Tracy Carr filed claims related to the Dependent Life and Accidental Death Benefits for B.N.C. with MetLife on his own behalf.

34. On October 24, 2016, Administrator filed claims related to the Decedent's Benefits and the Dependents' Benefits with MetLife on behalf of the Estate of Garlette Howard.

35. On December 12, 2016, Defendant Tracy Carr filed claims related to the Decedent's Benefits with MetLife on his own behalf.

36. The Decedents' Benefits, Dependents' Benefits, and potential Spouse Education Benefits (collectively, the "Plan Benefits") became payable to the proper beneficiary(ies) upon the Decedent's death, pursuant to the terms of the Plan.

37. Upon information and belief, the Funeral Home claims that a portion of the insurance proceeds at issue in this interpleader were assigned to the Funeral Home in exchange for services it provided to the Decedent. If true, a portion of the Plan Benefits would be payable to the Funeral Home.

38. If Defendant Dibon Toone does not qualify as a slayer under North Carolina's slayer statute or common law, or if the slayer statute does not apply to the Plan, the remaining Plan Benefits would be payable to Defendant Dibon Toone.

39. Conversely, if Defendant Dibon Toone qualifies as a slayer and the North Carolina slayer statute applies to the Plan, the remaining Plan Benefits would be payable to the Administrator or the other defendants, or divided among them.

40. As a mere stakeholder, MetLife has no interest in the Plan Benefits. MetLife's only interest in the Plan Benefits is to determine the appropriate beneficiary(ies) and to recover its attorney's fees and costs of this action. MetLife therefore respectfully requests that this Court determine to whom the Plan Benefits should be paid.

41. MetLife cannot determine the proper beneficiary(ies) of the Plan Benefits without risking exposure of itself, LabCorp, and the Plan to multiple vexation, multiple litigation, and/or multiple liability.

42. MetLife is ready, willing and able to pay the Plan Benefits, in accordance with the terms of the Plan, in such amounts and to whichever Defendant(s) the Court shall designate.

43. MetLife will deposit into the Registry of the Court the Plan Benefits at issue, plus any applicable interest due and owing under the terms of the Plan, for disbursement in accordance with the judgment of this Court.

WHEREFORE, MetLife demands judgment as follows:

a) Restraining and enjoining the Defendants by Order and Injunction of this Court from instituting any action or proceeding in any state or United States court or any administrative agency against MetLife, LabCorp, or the Plan for recovery of the Plan Benefits, plus any applicable interest by reason of the death of the Decedent;

b) Requiring that Defendants litigate or settle and agree among themselves their claims for the Plan Benefits, or upon their failure to do so, that this Court settle and adjust their claims and determine to whom the Plan Benefits, plus any applicable interest, should be paid;

c) Permitting MetLife to pay into the Registry of the Court the Plan Benefits at issue, plus any applicable interest;

d) Dismissing MetLife with prejudice from this action and discharging MetLife, LabCorp, and the Plan from any further liability upon payment of the Plan Benefits, plus any applicable interest into the Registry of this Court, or as otherwise directed by this Court;

e) Awarding MetLife its costs and attorney's fees; and

f) Awarding MetLife such other and further relief as this Court deems just, equitable and proper.

This the ___ day of _____, 2019.

**WOMBLE BOND DICKINSON (US) LLP**

By: /s/ Jesse A. Schaefer
Elizabeth K. Arias, N.C. State Bar No. 29087
Jesse A. Schaefer, N.C. State Bar No. 44773
555 Fayetteville Street, Suite 1100
Raleigh, NC 27601
Telephone: (919) 755-8182
Facsimile: (919) 755-6082
Emails: Liz.Arias@wbd-us.com;
Jesse.Schaefer@wbd-us.com

*Counsel for Plaintiff in Interpleader Metropolitan Life Insurance Company*

# CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing document was filed electronically with the Clerk of Court using CM/ECF system with notice of case activity to be generated and sent electronically by the Clerk of Court to the following parties registered to receive such service:

Helen Renee Singleton
Ranee Singleton, PLLC
P.O. Box 697
155 N. Market Street, Suite 203
Washington, NC 27889
*Counsel for Defendant Amanda Bramble, as*
*Administrator of the Estate of Garlette Howard*

John B. Finch
John B. Finch, Attorney at Law
4601 Six Forks Road
Suite 500
Raleigh, NC 27609
*Counsel for Defendant Tracy Carr*

And was served upon all other parties by deposit in the United States Mail, Certified Mail/Return Receipt Request, postage prepaid, addressed as follows:

Garlene Howard
201 West Pine Street, Suite 203
Williamston, NC 27892

Queen Howard
206 Henderson Street
Williamston, NC 27892

Dibon Toone, Booking Number 172253
Pitt County Detention Center
124 New Hope Road
Greenville, NC 27834

Terry Lynch
1044 McLawhorn Drive
Robersonville, NC 27871

Mercedes' Funeral Mansion and Cremations
Service, LLC
c/o Mercedes Fornay, Owner
310 Washington Street
Williamston, NC 27892

This the ___ day of _____, 2019.

          **WOMBLE BOND DICKINSON (US) LLP**

By:   /s/ Jesse A. Schaefer
       Jesse A. Schaefer, N.C. State Bar No. 44773
       555 Fayetteville Street, Suite 1100
       Raleigh, NC  27601
       Telephone:  (919) 755-8182
       Facsimile:  (919) 755-6082
       Email: Jesse.Schaefer@wbd-us.com

*Counsel for Plaintiff in Interpleader Metropolitan Life Insurance Company*

12

WBD (US) 4730494

Case 4:19-cv-00054-D   Document 24   Filed 09/17/19   Page 12 of 12