IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>AMANDA BRAMBLE, *as Administrator of the Estate of Garlette Howard*, DIBON TOONE, TRACY CARR, GARLENE HOWARD, QUEEN HOWARD, TERRY LYNCH, and MERCEDES' FUNERAL MANSION AND CREMATION SERVICES, LLC,<br><br>Defendants. | Civ. No. 4:19-cv-54-D |

**DEFAULT JUDGMENT, FINAL JUDGMENT, AND DISCHARGE**

This matter is before the Court on the Consent Motion for Default Judgment, Discharge, and Final Judgment filed by Plaintiff Metropolitan Life Insurance Company ("MetLife"). The Court, upon consideration of the matters of record and the consent of the parties who have made an appearance, finds that good cause exists to grant the motion and direct the distribution of the $274,800 in interpleader funds, plus any accrued interest, that is on deposit with the Court (the "Proceeds").

THE COURT FINDS as follows:

1. Garlette Howard ("Decedent") was an employee of Labaratory Corporation of America Holdings ("LabCorp") and had Basic Life Insurance, Supplemental Life Insurance, Dependent Life Insurance, and Voluntary Accidental Death and Dismemberment Insurance coverage under LabCorp's group life insurance plan (the "Plan"), an ERISA-regulated employee

welfare benefit plan sponsored by LabCorp and funded by a group life insurance policy issued by MetLife (the "Policy"). MetLife is the claim fiduciary for the Plan.

2. Decedent and her three children were discovered dead in their home on August 16, 2016.

3. At the time of her death, Decedent was enrolled under the Policy for coverage in the total amount of $186,000 ("Decedent's Benefits"). In addition, at the time of their deaths, B.N.C., A.S.T., and M.J.T. were enrolled under the Policy for coverage in the total amount of $88,800 ("Dependents' Benefits"). Together, the Decedent's Benefits and Dependents' Benefits (collectively, the "Benefits") amounted to $274,800.

4. A dispute has arisen between the defendants regarding the proper beneficiary or beneficiaries of the Policy.

5. Defendant Tracy Carr, as surviving father of one of Decedent's children, claimed to be a beneficiary of the Policy. The Decedent's Estate also claimed to be beneficiary of the Policy. Mercedes' Funeral Mansion and Cremation Services, LLC (the "Funeral Home") claimed that a portion of the proceeds had been assigned to it. Each of these claims was adverse to the others.

6. In addition, Defendant Tibon Toone, as the surviving spouse of Decedent and the surviving father of two of Decedent's children, potentially may have claimed to be a beneficiary of the Policy. Shortly after their deaths, however, Defendant Toone was arrested and charged with the unlawful killing of Decedent and her three children. If he is found guilty, North Carolina's Slayer Statute would make him ineligible to receive any benefit from the Policy. The charges against Defendant Toone remain pending, and as of the date of the motion, he has not been convicted, has not entered a plea of guilt or nolo contendere, and has not been found liable

2

Case 4:19-cv-00054-D   Document 33   Filed 05/05/20   Page 2 of 5

in a civil action for the deaths.

7. Furthermore, Decedent's siblings—Defendants Garlene Howard, Queen Howard, and Terry Lynch—potentially may have claimed to be beneficiaries of the Policy.

8. The competing claims and potential claims of the Defendants expose MetLife to the possibility of multiple liability or multiple vexatious litigation.

9. MetLife does not dispute its obligation to pay the Benefits to the correct beneficiary. Based on MetLife's diligent and reasonable inquiry, all potential claimants to the Benefits have been named as parties in this interpleader action.

10. Pursuant to this Court's order, MetLife has deposited the total amount payable under the Policy $274,800, into the registry of the Court.

11. Defendants Dibon Toone, Garlene Howard, Queen Howard, and Terry Lynch (the "Non-Answering Defendants") have not answered the complaint or otherwise made any appearance in this interpleader, and default has been entered against them. *The Clerk of Court entered default on April 27, 2020. See [D.E. 32].*

IT IS THEREFORE ORDERED AND ADJUDGED that:

1. Default judgment is hereby entered against Defendants Dibon Toone, Garlene Howard, Queen Howard, and Terry Lynch in accordance with the terms of this order.

2. The Clerk shall deduct from the Proceeds any costs and fees incurred pursuant to law or this Court's local rules and practice for the management of the Proceeds during the period when they were deposited with the Court.

3. The Clerk shall issue a check in the amount of $10,230 to "Mercedes Funeral Mansion and Cremation Services, LLC" from the Proceeds. This check should be delivered to:

> Mercedes Funeral Mansion and Cremations Services, LLC
> Attn: Mercedes Fornay
> 310 Washington Street
> Williamston, NC 27892

3

4.  The Clerk shall issue a check in the amount of $18,000 to "Metropolitan Life Insurance Company" from the Proceeds for MetLife's reasonable attorney's fees and costs incurred in bringing this interpleader action and prosecuting it to completion. This check shall be delivered to:

> Metropolitan Life Insurance Company
> Attn: Diane Cifu
> 200 Park Avenue
> New York, New York 10166

5.  The Clerk shall issue a check in the amount of $27,080 to "John B. Finch, Administrator of the Estate of Bryana N. Carr" from the Proceeds. This check should be delivered to:

> John B. Finch Attorney at Law PLLC
> Attn: John B. Finch
> 4020 Wake Forest Road, Suite 300
> Raleigh, NC 27609

6.  The Clerk shall issue a check for all remaining Proceeds after deduction of the amounts detailed in paragraphs 2 through 5 to "Amanda Bramble, as Administrator of the Estate of Garlette Howard." This check should be delivered to:

> Ranee Singleton, PLLC
> Attn: Ranee Singleton
> 155 N. Market Street, Suite 203
> Washington, NC 27889

7.  MetLife, the LabCorp, and the Plan are hereby discharged from any and all claims, causes of action, and liabilities related in any way to the Policy or the Proceeds, including without limitation any claims for costs and attorney's fees.

8.  Each of the Defendants is forever enjoined and restrained from instituting or prosecuting any action or proceeding in any court or other tribunal against MetLife, LabCorps, and the Plan related in any way to the Policy or the Proceeds.

9. This Order is the final judgment in this matter.

SO ORDERED this the 5 day of May 2020.

                                              JAMES C. DEVER III
                                              United States District Judge